UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES KENNETH MCCALLUM,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br>KOEHN, *et al.*,<br>　　　　　　　　　　Defendants. | Case No. 3:16-cv-00658-MMD-VPC<br><br>SCREENING ORDER |

James Kenneth McCallum ("Plaintiff"), a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. (ECF No. 1, 1-1). The matter of the filing fee will be temporarily deferred. The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

## I.    SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and

(2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

///

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. SCREENING OF COMPLAINT

In the complaint, Plaintiff sues multiple defendants for events that took place while Plaintiff was incarcerated at Ely State Prison. (ECF No. 1-1 at 1.) Plaintiff sues Doctor Koehn, Nurse Ned Schuering, Nurse Jane Doe 1, Nurse Jane Doe 2, and Nurse John Doe 3. (*Id.* at 2-3). Plaintiff alleges one count and seeks compensatory damages. (*Id.* at 4, 9).

The complaint alleges the following facts. Plaintiff was on a hunger strike from January 14, 2016, to January 29, 2016. (*Id.* at 4.) On January 19, 2016, Plaintiff was placed in the infirmary at ESP. (*Id.*) On January 21, 2016, Defendant John Doe 3 took Plaintiff's blood pressure and wrote down the reading on a scratch piece of paper. (*Id.*) Doe 3 told Plaintiff the reading and it was far below normal. (*Id.*) Between January 21, 2016, and January 29, 2016, Defendant Nurses Jane Doe 1 and 2 also took Plaintiff's blood pressure and it continued to stay below normal. (*Id.*) None of the Doe Nurse

Defendants recorded Plaintiff's blood pressure in his records. (*Id.* at 10.) Throughout the time Plaintiff was in the infirmary and not eating, medical staff continued to offer Plaintiff his high blood pressure medication, 10 mgs of Lisinopril. (*Id.* at 4.) Plaintiff refused the blood pressure medication because he was not eating. (*Id.*) Plaintiff began eating again fourteen days after starting his hunger strike. (*Id.*) Relying on medical staff's knowledge, Plaintiff also started taking the offered blood pressure medication again. (*Id.*) Medical staff did not continue to monitor Plaintiff's vitals after he began eating. (*Id.*)

After nine days of eating and taking the blood pressure medication, Plaintiff suffered a blackout. (*Id.*) Plaintiff fell hard to the ground, hurting his back and knee. (*Id.*) When Plaintiff regained consciousness, he called for a nurse. (*Id.*) Plaintiff's blood pressure was 60/40 in one arm and 70/50 in the other. (*Id.* at 9). Defendant Doctor Koehn was concerned enough about Plaintiff's low blood pressure that he almost sent Plaintiff to the Emergency Room at the local hospital. (*Id.* at 9-10.) Koehn immediately stopped Plaintiff's blood pressure medication and moved him to an infirmary cell. (*Id.* at 10.) After several days of monitoring, Plaintiff's blood pressure returned to normal. (*Id.*)

Plaintiff alleges a violation of the Eighth Amendment for deliberate indifference to serious medical needs (Count I).

### A.    Eight Amendment Deliberate Indifference to Serious Medical Needs

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

///

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (internal quotations omitted). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

The Court finds that Plaintiff does not state a colorable Eighth Amendment claim, because he has not established the subjective prong of the deliberate indifference standard. Based on the allegations, Plaintiff was on a hunger strike in the infirmary. Nurses Doe 1, 2, and 3 checked Plaintiff's blood pressure and found that it was low. None of the Doe Defendants recorded Plaintiff's blood pressure in his medical records. Medical staff continued to offer him his high blood pressure medication, which Plaintiff refused since he was not eating. After Plaintiff resumed eating fourteen days later, he started taking his blood pressure medication again, on the assumption that medical staff, including Does 1, 2, and 3, knew whether he should take it or not and tell him if he should

5

not. Nine days later Plaintiff lost consciousness due to low blood pressure, fell, and hurt his head and back.

However, Plaintiff does not state any facts that allow the Court to infer that Does 1, 2, or 3 were aware of the risk to Plaintiff, but acted to harm Plaintiff in spite of that knowledge. For example, Plaintiff does not allege that Does 1, 2, or 3 knew of the risk to Plaintiff's health, e.g. that high blood pressure medication should not be given to a patient with low blood pressure from a hunger strike, and then chose to give Plaintiff his blood pressure medication anyway. Or that any Defendants knew of the risk of failing to continue to monitor Plaintiff's vitals after he began eating and taking his high blood pressure medication again, and deliberately disregarded the risk. Plaintiff also fails to state a claim against Defendants Koehn or Schuering, because he fails to state any facts that allow the Court to infer that Defendants Koehn or Schuering knew of or participated in Plaintiff's medical treatment for his hunger strike prior to his fall. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that " [a] supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [ §] 1983").

Therefore, Count I alleging deliberate indifference to serious medical needs is dismissed, without prejudice, and with leave to amend.

**B.    Leave to Amend**

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the complaint.[1] Although the use of "Doe" to identify a defendant is not favored, flexibility is allowed in some cases where the identity of the parties will not be known prior to filing a complaint but can subsequently be determined through discovery. *Gillespie v. Civiletti* ,

///

---

[1]Plaintiff may add additional defendants to his amended complaint if he identifies, either by name or position, any other officials who allegedly acted with deliberate indifference, i.e. officials who knew about the risk of Plaintiff taking high blood pressure medication after a two-week hunger strike.

629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is should make every effort to identify Doe Defendants by name, where possible, prior to filing an amended complaint.

If Plaintiff chooses to file an amended complaint he is advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff must file the amended complaint on this Court's approved prisoner civil rights form and it must be entitled "First Amended Complaint."

If Plaintiff chooses to file an amended complaint curing the deficiencies in the complaint, as outlined in this order, Plaintiff must file the amended complaint within thirty (30) days from the date of entry of this order. If Plaintiff chooses not to file an amended complaint, this action will be dismissed with prejudice for failure to state a claim.

### III. CONCLUSION

For the foregoing reasons, it is ordered that a decision on the application to proceed *in forma pauperis* (ECF No. 1) is deferred.

It is further ordered that the Clerk of the Court file the complaint (ECF No. 1- 1).

It is further ordered that the entire complaint is dismissed, without prejudice, and with leave to amend, for failure to state a claim.

It is further ordered that the Clerk of the Court send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1). If Plaintiff chooses to file an amended complaint, he must use the approved form and write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

It is further ordered that if Plaintiff chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in this order, Plaintiff must file the amended complaint within thirty (30) days from the date of entry of this order.

It is further ordered that if Plaintiff fails to timely file an amended complaint curing the deficiencies of the complaint, as outlined in this order, this action will be dismissed with prejudice for failure to state a claim.

DATED THIS 28th day of September 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE